UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARSHALL A. ALFRED, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-806 DRL-MGG |
| GRADLOCK, HYTT, and LT. S., | |
| Defendants. | |

OPINION AND ORDER

Marshall A. Alfred, a prisoner without a lawyer, filed a complaint against the lieutenant on his unit, Ms. S.; the sergeant on his unit, Sgt. Gradlock; and Warden Hyatt, alleging they failed to protect him from an attack that occurred at Miami Correctional Facility when two inmates gained access to his cell and jumped him. ECF 1. The court determined that the complaint did not state a claim against any of the defendants because "there is no indication that any of the defendants knew Mr. Alfred was at risk of being attacked. Without advance knowledge of a risk, none of the defendants can be held liable for failing to protect Mr. Alfred." ECF 4 at 2. Mr. Alfred was allowed to file an amended complaint to further explain how the defendants could be held responsible, and he has done so. ECF 11.

Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In the current complaint, Mr. Alfred still does not say how any of the defendants had advance warning that he was at risk of being assaulted. The Eighth Amendment does not guarantee that prison officials will keep inmates safe; rather it imposes a duty on prison officials "to take *reasonable measures* to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (emphasis added). "[P]risons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). A failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, a plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Mr. Alfred alleges that because his unit was on lockdown, Lt. S. was supposed to let only one room out at a time to shower. Instead, she let out two cells at once, allowing the inmates who attacked him access to his cell. Further, he alleges that Sgt. Gradlock was supposed to walk the unit, but he did not. If he had been patrolling the unit, Mr. Alfred contends the attack would not have happened. Finally, he alleges the warden had something to do with all that happened, though he does not elaborate on how specifically the warden was involved.

2

Mr. Alfred's allegations amount to an assertion that defendants should have been doing their jobs better. But this amounts at most to negligence, which is not enough to state a constitutional claim. *See Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006) ("Defendants may have acted negligently by not moving Plaintiff to another cell. But as we have repeatedly stated, mere negligence or even gross negligence does not constitute deliberate indifference." (quotation marks and brackets omitted)). There is no indication that defendants had a reason to know that doing their jobs poorly would result in Mr. Alfred's injuries. To hold defendants liable under the Eighth Amendment, Mr. Alfred needed to allege facts showing that defendants made a "conscious, culpable" decision to ignore a specific threat to him. *Santiago*, 599 F.3d at 756.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Alfred was already given the chance to explain how defendants knew he was at risk of being attacked, but he did not provide any relevant information. There is no reason for yet another opportunity.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

February 9, 2022                                         *s/ Damon R. Leichty*
                                                         Judge, United States District Court